IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMIT RAIZADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-1362-CV-W-ODS |
| vs. ) | |
| ) | |
| AIR PARTNER, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. (Doc. # 11). The Motion is denied.

### I. BACKGROUND

Defendant is a corporation with its state of incorporation and principal place of business in Florida. Notice of Removal (Doc. # 1), ¶ 3. Plaintiff is a citizen of Kansas. Petition (Doc. # 1) Exh. A, ¶ 1.

On June 15, 2012, Plaintiff filed this suit in the Circuit Court of Jackson County, Missouri, asserting three claims: (1) fraudulent misrepresentation; (2) negligent misrepresentation; and (3) tortious interference with contract and business expectancies. *Id.*, ¶¶ 25-46. Plaintiff sought $65,000 in actual damages, along with injunctive relief and costs. *Id.*, ¶¶ 32, 39, 46.

On October 17, 2012, Defendant's counsel received an email from Plaintiff's counsel indicating that Plaintiff "will settle for $100,000 cash." Reply Suggestions (Doc. # 15), ¶ 2(e). On November 16, 2012, within thirty days after receiving Plaintiff's email, Defendant removed the action to this Court, contending that the civil action between the parties involves an amount in controversy that exceeds $75,000. Plaintiff filed a Motion to Remand on December 6, 2012. However, the motion and the accompanying papers were filed in Jackson County Circuit Court, rather than in this Court. *See* Notice of Filing of Motion to Remand (Doc. # 13). Then, on January 2, 2013, more than thirty days after Defendant's

Notice of Removal was filed, Plaintiff's Motion to Remand was filed in this Court. (Doc. # 11).

## II. DISCUSSION

Plaintiff argues that remand should be granted because this Court lacks subject matter jurisdiction. (Doc. # 13), ¶ 8. Plaintiff contends that the email stating the $100,000 settlement amount cannot be used to provide notice of the case's removability based on diversity jurisdiction because it is not an "other paper" under the removal statute.[1] Reply Suggestions (Doc. # 15), ¶ 13. Alternatively, Plaintiff argues that the email is inadmissible to prove the amount in controversy due to Rule 408 of the Federal Rules of Evidence. *Id.*, ¶ 15. Rule 408 prohibits, *inter alia*, the admission of compromise offers to prove "the validity or amount of a disputed claim." Plaintiff also asserts that Defendant waived its removal rights by continuing to litigate the issue in state court after receiving the settlement email on October 17, 2012. (Doc. # 12) at 17.

Defendant argues that the email can be used for purposes of establishing both notice of removability and the amount in controversy. Suggestions in Opposition (Doc. # 14) at 3. More significantly, Defendant contends that Plaintiff's objections are procedural in nature, not jurisdictional, and are waived due to Plaintiff's failure to timely file for remand. *Id.* at 7.

Plaintiff's arguments are waived because they are procedural in nature and do not affect the Court's subject matter jurisdiction. There is no dispute that Plaintiff's Motion to Remand was filed more than thirty days after Defendant filed the notice of removal. (Doc. # 13). When objecting to removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Any defect that does not affect the district court's ability to exercise subject matter jurisdiction over the case is waivable. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544-45 (5th Cir. 1991). Defects in the removal process

---

[1] For timeliness of removal based on diversity, if the amount in the state court pleading is not sufficient to establish diversity jurisdiction, a party can still remove the case if it files within thirty days of receiving "a copy of an amended pleading, motion, order or *other paper*" that first gives notice of the case's removability. *See* 28 U.S.C. § 1446(b)(3) (emphasis added).

do not affect subject matter jurisdiction. *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996).

Here, Plaintiff's argument relying on the "other paper" language to show improper removal is waived. Regardless of whether the email from Plaintiff's counsel to Defendant's counsel can be included as "other paper" under the statute, an argument based on this language relates to the removal process, not subject matter jurisdiction. Similarly, Plaintiff's argument that Defendant continued to litigate the case in state court also relates to the removal process instead of subject matter jurisdiction, and is accordingly waived.

Additionally, Plaintiff's reliance on Rule 408 of the Federal Rules of Evidence is misguided. First, the applicability of the rule does not affect the Court's subject matter jurisdiction, making this argument waivable. *See Baris*, 932 F.2d at 1544-45. Second, the 2006 Amendment Notes accompanying Rule 408 clarify that "[t]he intent is to retain the extensive case law finding Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity . . . or amount of a disputed claim." One example of an acceptable purpose for compromise evidence is to show the amount in controversy for removal jurisdiction. *See, e.g.*, *Turner v. Baker*, No. 05-3298-CV-S-SWH, 2005 WL 3132325, at *3 (W.D. Mo. Nov. 22, 2005) ("Other courts that have considered the issue have allowed the use of information exchanged in settlement negotiations to determine if the amount in controversy requirement has been satisfied."). The Court finds this logic persuasive; Plaintiff's email contains information that is typically exchanged in settlement negotiations and may be used to prove amount in controversy.

Furthermore, Defendant has shown that more than $75,000 is in controversy. Accordingly, the requisite amount for diversity jurisdiction is fulfilled.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

DATE: March 4, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT